

# OFFICE OF THE ATTORNEY GENERAL OF TEXAS
## AUSTIN

GROVER SELLERS
ATTORNEY GENERAL

Honorable H. Pat Edwards
Civil District Attorney
Dallas County
Dallas, Texas

ATTENTION:   Honorable Warren S. Cook,
             Assistant District Attorney

Dear Sir:

Opinion No. C-7465
Re: Whether a county
may acquire right-of-
ways in an incorporated
town, and related ques-
tions

We have received your letters of October 15 and October 18,
1946, relative to the above question.  Let us first thank you
for the very able brief which accompanied your letter of request.
It was of great help to us in arriving at the answers to your
questions.

For the sake of brevity we will summarize the facts as
follows:  In 1945 Dallas County voted certain road bonds for the
following purpose:  "to improve and maintain public roads and
highways in the County by acquiring or purchasing rights-of-way
to be furnished by said County for State and Federal Highways
now or to be hereafter designated in said County, and acquiring
or purchasing rights-of-way for County roads now or to be here-
after designated in said County..."  The election order listed
the various roads or highways upon which the proceeds of the
bond issue would be spent.  We quote the following paragraph
from your October 15th letter:

> "In as much as the City of Dallas has recently
> extended its corporate limits considerably, and also
> numerous towns have been incorporated, which include
> much of the improvements started by Dallas County, the
> County is in doubt as to its authority to expend this
> bond money within the limits of the municipalities.
> We, therefore, shall appreciate your opinion at your
> earliest convenience."

NO COMMUNICATION IS TO BE CONSTRUED AS A DEPARTMENTAL OPINION UNLESS APPROVED BY THE ATTORNEY GENERAL OR FIRST ASSISTANT

Hon. H. Pat Edwards - Page 2

The questions which you want this department to answer are as follows:

1. Does a county have the legal right to acquire property in an incorporated town or city for state highway purposes by condemnation?

2. Does a county have the legal right to acquire property in an incorporated town or city for state highway purposes by purchase?

3. If the answer to either of the above questions is in the affirmative, can the cost thereof be paid out of the proceeds of the road bonds mentioned in the second paragraph?

4. If question 3 is answered in the negative, what county funds may be so used?

This department had question 1 before it in a recent opinion, Opinion No. O-7108, a copy of which is herewith enclosed. Based upon that opinion, your first question is answered in the negative.

Turning now to your second question, it is a general proposition of law that the jurisdiction and control over the streets of an incorporated city or town is exclusively in that city or town. Articles 1016, 1086, 1201, and 1202, V. A. C. S. However, does this mean that the county under its general power to establish and maintain county roads will never have the authority to construct or improve roads within the limits of a municipal corporation? We think that the cases hold otherwise.

Article 6703, V. A. C. S., gives the commissioners' court authority and control over the county roads and all streets and alleys in cities and incorporated towns which have no de facto municipal government in the active discharge of their official duties.

In the early case of State v. Jones, 18 Tex. 874, a case firmly established and cited many times, the Supreme Court adopted the opinion of the lower court, which in dealing with county roads in incorporated cities stated, in part:

"...Until the town council acts under the authority conferred by its charter, the general authority of the county court over the subject matter continues to exist, and may be exercised. It is only when both bodies attempt to act in opposition to, and in conflict with each other, that the power and authority of one must cease and yield to that of the other, and in such a state of things, I am of the opinion that the authority of the county court must yield to that of the town council."

Hon. H. Pat Edwards - Page 3

What is the import of the above language? It is clear to us that it means that the city and the county may work together with respect to county roads within the city, and only upon a conflict between the city and the county is the authority of the county over such roads done away with.

The court in the case of Smith v. Cathey, 226 S. W. 158, considered Subdivision 6 of Article 2241, Vernon's Sayles' Texas Civil Statutes 1914 (Subdiv.6, Art. 2351, Revised Civil Statutes of 1925), which dealt with the powers of the commissioners' court and provided as follows:

"(6)  To exercise general control and superintendence over all roads, highways, ferries and bridges in their counties."

The court had the following to say:

"By subdivision 6 is given power to exercise control and superintendence over all roads and highways in the counties.  This is subject to the powers usually granted to cities and towns over streets, etc., within its limits, when it chooses to take jurisdiction and the city or town sees proper to exercise such powers. But where the city or town does not deem it proper to exercise such jurisdiction, and does not object to the county keeping up such road or street, the county has the right to do so."

The court cited State v. Jones, supra, and quoted at length from the opinion.

In the case of Hughes v. County Commissioners' Court of Harris County, 35 S. W. (2d) 818, the question before the court was the legality of an agreement between Harris County and the City of Houston whereby the county agreed to contribute $25,000 as its part of the cost of widening and otherwise improving Yale Street, a county road which has been taken in by the City of Houston by extending its boundaries.  The court quoted at length from State v. Jones and Smith v. Cathey, supra, and held that the agreement was entirely legal.  We quote the following excerpts from the opinion of the court:

"The county has, by virtue of the provisions of the general laws of this State, as well as by the Harris county local road law, the right to expend its funds in the improvement of a street within the corporate limits of a city which is also a public road of the county, especially so when such improvement is done with the consent and invitation of the city authorities.

Hon. H. Pat Edwards - Page 4

"...

"'In the case at bar, it is not necessary to assume an absence of conflict. It appears affirmatively that there is entire accord. So that even if it be assumed that the power to exercise control over a road is a necessary predicate for finding authority to expend county funds in improving a street--which we have shown is not at all true--the law seems declared that such power does exist in the county; it is temporarily in abeyance so long as the city exercises its right, but even under the general law, where the city waives its right, the general power of the county is fully restored and it may assume control and superintendence over ways within the city.

"'...

"'Upon the whole case, we are of the opinion that your commissioners' court would not have authority, without the consent and acquiescence of the city councils of the cities or towns in the county, to construct roads within such cities or towns, unless it might be in a city or incorporated town "in which from some cause there is not a de facto municipal government in the active discharge of their official duties." We think, however, that with the consent of the city councils they might construct or co-operate in constructing roads through such towns or cities.'

"In Harris county there are a dozen municipalities. If the contentions of counsel for appellant are correct, the county of Harris stands powerless to expend a dollar on roads through such municipalities. It would be compelled to leave gaps in important highways, even though it is anxious and able to improve the same out of its road fund, and even though the municipality concerned is willing and anxious it should do so.

"...

"The weight of authority seems to indicate that under the general law the counties have the constitutional and statutory power to expend their road funds in the improvement of their roads which pass through a municipality, and that they have the right to improve such roads, though they be streets of such municipalities, with the consent of the municipalities. State v. Jones, 18 Tex. 874; Smith v. Cathey (Tex.Civ.App.), 226 S.W. 158; Benat v. Dallas County (Tex.Civ.App.),266 S.W. 540.

"..."

Our Supreme Court had the following question before it in the case of City of Breckenridge v. Stephens County, 40 S. W. (2d) 43:

"Under the Constitution and laws of this state does the commissioners' court of a county have the authority to expend county road funds for the improvement of the streets of incorporated cities and towns located in such county, where such streets are connecting links, and integral parts of county roads or state highways?"

The court held as follows:

"After a careful investigation of the authorities, including the Constitution and laws of this state, we have reached the conclusion that the commissioners' court does have lawful authority to expend county road bond funds for the improvement of city streets where such streets form integral parts of county roads or state highways, when such improvements are made without conflicting with the jurisdiction of the municipality, or with its consent or approval. Section 52, Art. 3, Texas Constitution; State v. Jones, 18 Tex. 874; Smith v. Cathey (Tex.Civ.App.), 226 S. W. 158,160; Cannon v. Healy Construction Co. (Tex.Civ.App.),242 S.W. 526,, 529 (writ refused.

"...

"Where the road bonds are voted by an entire county, the incorporated cities and towns located therein are certainly integral parts of the county. It was not necessary to expressly so state in the constitutional provision above mentioned. All taxable property of a county is subject to taxation for the payment of county road bonds. The Commissioners' court has the right to expend county road bond funds on county roads and highways in any part of the county. If a street of an incorporated town or city forms a connecting link in the county road or state highway, we think it is a county road within the meaning of the statutes to the extent that county funds may be spent for the improvement thereof, Of course, the town or city governing board primarily has paramount jurisdiction of the streets and highways thereof, and the commissioners' court would have no authority to improve streets or highways within municipalities in conflict with the jurisdiction of the city to improve the same. However, as in the instant case, where the improvement is made with the consent or approval of the city we find no statutory or constitutional impediment. In fact, we think the authorities above cited fully sustain the right."

Hon. H. Pat Edwards - Page 6

The court quoted from the opinion of State v. Jones, supra, and we wish to re-emphasize the following excerpt:

"'...It is only when both bodies attempt to act in opposition to, and in conflict with each other, that the power and authority of one must cease and yield to that of the other, and in such a state of things, I am of the opinion that the authority of the County Court must yield to that of the town Council.'"

Based upon the foregoing authority, it is clear to us that a county may not purchase land in an incorporated city for highway purposes if such purchase conflicts with the jurisdiction of the municipality; however, it is our opinion if the city approves, consents to, acquiesces or cooperates in the purchase, then the county may purchase the land for such purpose. This view is not inconsistent with the holding that the county may not condemn such land. The power of condemnation, if present in the county, would be there regardless of consent or approval of the city. Such power would conflict with the jurisdiction of the city over its streets; therefore, under ample authority there is no such power in the county. But there is power to purchase with the approval or consent of the city.

As you mentioned in your brief, counties are precluded from making any improvement of county roads which have been designated as state highways, except the furnishing of right-of-ways. Article 6674q-4, V.A.C.S., provides in part:

"...No further improvement of said system shall be made with the aid of or with any moneys furnished by the counties, except the acquisition of right-of-ways which may be furnished by the counties, their subdivisions or defined road districts."

Your questions are, therefore, answered as follows:

1. A county does not have the legal right to acquire property in an incorporated city or town for state highway purposes by condemnation.

2. However, it may purchase such lands for right-of-way purposes for state highways if the city or town approves, consents, or agrees to such purchase.

3. The proceeds of road bonds issued for such purpose may be used to purchase such right-of-ways. If it is specified in the pre-election order that the proceeds will be spent only on certain named highways, then the proceeds may be spent on no other highways, for such specification is a part of and a limitation on the bond purpose. In Opinion No. O-1190 this department held that a county is without authority to improve city streets unless such streets constitute a part of the county road system. A copy of

Hon. H. Pat Edwards - Page 7

this opinion has already been forwarded to you.

4. Not only may such bond proceeds be used to purchase the right-of-ways, but also any appropriate road funds may be so used.

It is emphasized that the county has the power to purchase such land only for county or state highway purposes. In other words, the county has no power or authority with respect to city streets which are not part of the county road or state highway system.

Very truly yours,

ATTORNEY GENERAL OF TEXAS

BY: *George W. Sparks*

George W. Sparks
Assistant

GWS:V

APPROVED NOV 8 1946

*Harris Toler*

FIRST ASSISTANT
ATTORNEY GENERAL

APPROVED
OPINION
COMMITTEE
BY: *Gws*
CHAIRMAN